UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL D. ATHERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV2009 CDP |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to file an amended complaint. The motion will be denied.

On February 17, 2010, the Court reviewed plaintiff's original complaint under 28 U.S.C. § 1915(e) and dismissed it because it was legally frivolous. Plaintiff has now filed a proposed amended complaint which states his claims in more detail and proposes to add several new defendants. While the original complaint did not specify where the alleged misconduct occurred, the amended complaint makes it clear that the events giving rise to the complaint occurred in Cooper County, Missouri, which is located in the Western District of Missouri.

First, the Court notes that plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." Fearon v. Henderson, 756 F.2d 267, 267 (2nd Cir. 1985), *overruled on other grounds by* Campos v. LeFevre, 825 F.2d 671

(2nd Cir. 1985); see United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc., 457 F.2d 91, 93 (8th Cir. 1972).

Pursuant to 28 U.S.C. § 1391(b), venue for this action is proper in the Western District of Missouri. Title 28 U.S.C. § 1406(a) states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss." Therefore, if the Court were to allow plaintiff to file his amended complaint, it would be subject to dismissal under § 1406(a).

Because the amended complaint is subject to summary dismissal, the Court will deny plaintiff's motion to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file an amended complaint [#13] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [#12] is **GRANTED**. Plaintiff shall pay the initial partial filing fee no later than twenty-eight (28) days from the date of this Order.

Dated this 24th day of March, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE